Mark BOUWMAN; et al.,
Plaintiffs–Appellants,

v.

RBC MORTGAGE COMPANY,
Defendant,

and

Accredited Home Lenders Inc.,
a California corporation; et
al., Defendants–Appellees.

No. 07–35786.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2009.

Filed June 15, 2009.

Hope A. Del Carlo, Esquire, Portland, OR, Mark Edward Griffin, Esquire, Griffin & McCandlish, Portland, OR, for Plaintiffs–Appellants.

Christopher R. Ambrose, Ambrose Law Group LLC, Kim McGair, Esquire, Farleigh Wada & Witt PC, Kathryn P. Salyer, Esquire, Farleigh, Wada & Witt, Portland, OR, for Defendants–Appellees.

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

622

Mark and Tatyana Bouwman appeal the district court's order (1) granting the defendant lenders' motion for summary judgment dismissing the Bouwmans' Truth in Lending Act ("TILA") cause of action and (2) compelling specific performance of the parties' settlement agreement. The parties executed a Memorandum of Essential Terms ("Memorandum") that included the provision: "Reaffirmation of loan on existing terms. First payment due on first payment date due under Note after final documents."

■■■ There is no ambiguity in the words "existing terms" that would prevent the formation of a contract. *See Yogman v. Parrott*, 325 Or. 358, 361, 937 P.2d 1019 (1997). The Bouwmans' exercise of their claimed right to rescind the loan under TILA was not a "term" that existed between the parties. "Term" is defined as "a contractual stipulation." Black's Law Dictionary (8th ed.2004). A proper rescission may abrogate or annul a contract; it cannot add "terms" to a contract. *See* 26 Williston on Contracts § 68:3 (4th ed.). The Bouwmans are obligated to pay the amount of interest that accrued during the period between their attempted rescission of the loan and the contractual reaffirmation of the loan.

■■■ The contract is sufficiently definite to support an order of specific performance. *See Genest v. John Glenn Corp.*, 298 Or. 723, 743, 696 P.2d 1058 (1985).

**AFFIRMED.**

W. FLETCHER, Circuit Judge, dissenting.

The majority concludes that it was appropriate for the district court to decide on summary judgment that the proposed settlement contract was unambiguous. I respectfully disagree.

While the majority may indeed be correct that the words "existing terms" are unambiguous, this does not make the contract as a whole unambiguous. On the contrary, the remainder of the contract fails to specify the essential terms of the agreement. Most importantly, the settlement does not clarify whether interest continued to accrue after the Bouwmans asserted that they had a right to rescind the contract. The settlement indicates only that the loan would be "reaffirmed" on existing terms. The Bouwmans contend that interest would continue to accrue only after that reaffirmation, while defendant lenders contend that interest continued to accrue even during settlement negotiations. Resolution of this question required that the district judge weigh the persuasiveness of disputed extrinsic evidence, *see Abercrombie v. Hayden Corp.*, 320 Or. 279, 883 P.2d 845 (1994), which of course is impermissible on summary judgment. The district judge engaged in such a factual analysis, and therefore should be reversed.

I would reverse and remand the judgment of the district court.